IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 11-0154-WS |
| ) | |
| WILLIAM HYUN-CHANG OH, ) | |
| ) | |
| **Defendant.** ) | |

### ORDER

This matter is before the Court on the defendant's motion to modify term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).  (Doc. 38).  The defendant was sentenced in January 2012, well after all the amendments on which he relies, and his sentence reflects the full benefit of them.  There is thus no further relief that can be granted him under Section 3582(c)(2).

The defendant's motion mentions a number of other matters and asks the Court to modify his sentence under Section 3582(c)(2) "and all/any other laws the Court may deem applicable."  (Doc. 38 at 9).  It is not up to the Court to develop arguments on the defendant's behalf, but the Court will address the matters asserted by the defendant.

The defendant mentions an appeal under 18 U.S.C. § 3742 to challenge the unreasonableness of his sentence under *Booker*.  (Doc. 38 at 2).  The time for filing a notice of appeal expired almost a year ago.  Fed. R. App. P. 4(b).

The defendant mentions a reduction of sentence under Rule 35(b).  (Doc. 38 at 2).  As the defendant notes, such relief must be triggered by a government motion, and none has been filed.

The defendant indicates he would like this Court to reconsider the sentence it imposed.  (Doc. 38 at 9).  "The court may not modify a term of imprisonment once it has been imposed except": (1) on motion of the Director of the Bureau of Prisons; (2) when a defendant's sentencing range has subsequently been lowered

by amendment to the guidelines made retroactive by the United States Sentencing Commission; and (3) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c). There has been no motion filed by BOP, the defendant's sentencing range has not been lowered since he was sentenced, and Rule 35(b) relief is unavailable because the government has filed no motion. That leaves Rule 35(a), which provides that, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." There has been no such error in this case,[1] and in any event the deadline for such relief expired in February 2012.

With all formal means of altering his sentence unavailable, the defendant could obtain relief only if the Court possesses inherent authority to modify his sentence despite the passage of time. The Court has no such authority. "Outside of Rule 35(c) [now Rule 35(a)] there exists no 'inherent authority' for a district court to modify a sentence." *United States v. Diaz-Clark*, 292 F.3d 1310, 1319 (11th Cir. 2002); *accord United States v. Phillips*, 597 F.3d 1190, 1196-97 (11th Cir. 2010).

The defendant's motion is peppered with references to "ineffective assistance." Such a claim cannot be brought through any of the mechanisms proposed by the defendant but only through a motion to vacate filed under 28 U.S.C. § 2255, a statute the defendant does not invoke. To be clear, the instant motion is **not** a motion to vacate under Section 2255. Should the defendant wish to bring such a motion, he is advised to attend to the strict time limitations for doing so. 28 U.S.C. § 2255(f).

For the reasons set forth, the defendant's motion to modify term of imprisonment is **denied**.

---

[1] *See generally United States v. Lett*, 483 F.3d 782 (11th Cir. 2007) (explaining the "boundaries of a narrow corrective power limited in scope to those obvious errors that result in an illegal sentence or that are sufficiently clear that they would … almost certainly result in a remand of the case to the trial court for further action") (internal quotes omitted).

DONE and ORDERED this 21st day of December, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE